# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| RITA GARZA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-08-CV-789-XR |
| § | |
| MICHAEL J. ASTRUE, Commissioner, § | |
| Social Security Administration, § | |
| § | |
| *Defendant*. § | |

**ORDER ON MAGISTRATE JUDGE'S MEMORANDUM & RECOMMENDATION**

On this day, the Court considered the Magistrate Judge's Memorandum & Recommendation (Docket Entry No. 27) and Plaintiff's Objections thereto (Docket Entry No. 29). After careful consideration, the Court DECLINES TO ACCEPT the Memorandum and Recommendation and REMANDS this matter to the Commissioner for further consideration consistent with this opinion.

**Background**

Plaintiff Rita Garza seeks review and reversal of the administrative denial of her application for Disability Insurance Benefits (DIB). Garza was born on January 6, 1967, and has a high school education. She worked for fifteen years at Tom Benson Chevrolet as a parts dispatcher. She was thirty-five years old on June 18, 2002, the date of onset of her alleged disability, and filed her application for Disability Insurance Benefits on January 26, 2005. Garza suffers from bilateral carpal tunnel syndrome and depression and anxiety from a pain disorder. She has undergone multiple surgeries on her hands.

**Jurisdiction**

This Court has jurisdiction to review this matter as provided by 42 U.S.C. § 405(g).

## Procedural Background

Garza fully exhausted her administrative remedies prior to filing this action in federal court. She filed her application for DIB on January 26, 2005, alleging disability beginning June 18, 2002. The Social Security Administration denied the application both initially and upon reconsideration. Garza requested a hearing, which was held before Administrative Law Judge ("ALJ") Michael J. Devine on February 14, 2007. On July 5, 2007, the ALJ determined that Plaintiff is not disabled, and the Appeals Council denied Plaintiff's request for review.

Plaintiff filed a motion to proceed in forma pauperis in this matter on September 23, 2008, and following the grant of that motion, she filed a complaint on September 24, 2008, against Commissioner of the Social Security Administration Michael J. Astrue, seeking to have the decision of the ALJ either reversed or remanded. Defendant filed an answer, and the case was referred to Magistrate Judge John Primomo for a report and recommendation. Both parties filed briefs.

On June 22, 2009, Magistrate Judge Primomo issued a memorandum and recommendation to this Court, recommending the decision of the ALJ be affirmed.[1] Plaintiff objected on July 7, 2009.[2]

## Magistrate Judge's Memorandum & Recommendation

The Magistrate Judge's Memorandum & Recommendation stated that the ALJ's mental residual functional capacity assessment was adequate. The ALJ posed a hypothetical question to the Vocational Expert, which Plaintiff contends failed to incorporate all of the claimant's disabilities

---

[1] Mem. & Recommendation, June 22, 2009 (Docket Entry No. 27).

[2] Pl.'s Objection to Mem. & Recommendation of the U.S. Magistrate Judge, July 7, 2009 (Docket Entry No. 29) (hereinafter "Objection").

recognized by the ALJ. The Magistrate Judge ruled that Plaintiff's counsel was given the opportunity to correct deficiencies in the hypothetical question, and that even if the ALJ erred, substantial evidence supports the ALJ's assessment and the hypothetical question posed to the Vocational Expert. The Magistrate Judge also found that substantial evidence supports the ALJ's determination that psoriatic arthritis claimed by Garza is not a severe impairment. The Magistrate Judge recommended that the Court affirm the decision of the Commissioner to deny Garza's application for disability benefits.

**Plaintiff's Objections**

Garza timely objected to the Magistrate Judge's Memorandum & Recommendation. She argues: The ALJ failed to incorporate reasonably into the hypothetical question he posed to the vocation expert his own finding that Ms. Garza is "moderately" limited in social functioning, rendering the vocational expert's testimony insufficient to carry the Commissioner's affirmative burden to prove at Step 5 of the sequential evaluation of disability that Ms. Garza can perform other work. (Objection at 1). Garza argues that the ALJ must articulate the weight he granted to the opinion of the state agency medical consultant. She further states that the Magistrate Judge substituted his judgment for the ALJ's to find that state agency medical consultant's opinion is credible and should be adopted. She states that the ALJ's hypothetical question to the Vocational Expert fails the test of a valid hypothetical question and that she was prejudiced by the defective hypothetical question.

**Legal Standards**

*A. Standard of Review*

Since there is a timely objection to the Magistrate Judge's Memorandum &

Recommendation, the Court reviews the Magistrate Judge's recommended disposition de novo. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; L.R. CV-72 (W.D. Tex.). Such a review means that the Court will examine the entire record and will make an independent assessment of the law. However, in examining the Commissioner's decision denying disability insurance benefits, the Court is limited to a determination of whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

"Substantial evidence is more then a scintilla, less then a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. Four elements are weighed by the Court in determining whether the Commissioner's decision is based on substantial evidence: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work experience. *Id.* at 174. While a de novo review may result in the Court reaching a different ultimate conclusion, conflicts in the evidence are to be resolved by the Commissioner. *Id.*

B. *Entitlement to Benefits*

Every individual who meets certain requirements, has filed an application for benefits, and is under a disability, is eligible to receive disability insurance benefits and/or supplemental security income benefits. 42 U.S.C. § 423(a)(1). The term "disabled" or "disability" means the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be disabled only if her physical or mental impairment or impairments are so severe that she is unable to not only do her previous work, but cannot, considering her age, education, and work experience, participate in any other kind of substantial gainful work that exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she applied for work. 42 U.S.C. § 423(d)(2)(A).

*C. Evaluation Process and Burden of Proof*

Regulations set forth by the Commissioner require disability claims to be evaluated by the prescribed five-step process. 20 C.F.R. §§ 404.1520. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis.

The first step involves determining whether the claimant is currently engaged in substantial gainful activity. If so, the claimant will be found not disabled regardless of her medical condition or her age, education, or work experience. The second step involves determining whether the claimant's impairment is severe. If a claimant has no severe impairments, the claimant is deemed not disabled. In the third step, the ALJ compares the severe impairment with those on a list of specific impairments. If the impairment is not on the list, the ALJ, in the fourth step, reviews the claimant's residual functional capacity and the demands of her past work. If the claimant is still able to do her past work, then the claimant is not disabled. If the claimant establishes these elements, then the burden shifts to the Commissioner to prove that considering the claimant's residual capacities and her age, education, and work experience, the impairment does not prevent her from

performing other jobs that exist in significant numbers in the national economy. *Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002). If the Commissioner adequately points to potential alternative employment, the burden shifts back to the claimant to prove that she is unable to perform the alternative work.

**Analysis**

Garza maintains that the ALJ's hypothetical question to the Vocational Expert was defective because it did not incorporate the ALJ's finding that Garza has moderate limitations in social functioning. In his Findings of Fact and Conclusions of Law, the ALJ declared that "claimant's pain disorder resulting in depression and anxiety has resulted in mild restrictions of activities of daily living; moderate difficulties maintaining social functioning; moderate difficulties in maintaining concentration, persistence, and pace; and there is no evidence of repeated episodes of decompensation." (Tr. 22–23.) The ALJ relied on the vocational expert's testimony to find that jobs existed in the national economy that Garza could perform. (Tr. at 24.) To elicit that testimony during the hearing, the ALJ asked the Vocational Expert:

> All right, assume that we have an individual who is 41 years old, female, with a twelfth grade education, corresponding ability to read, write, and use numbers, has the past work history just described and has the following physical or mental restrictions, and for the first hypothetical it would be a restricted form of light work. The stand, walk and sit capacity would be six hours out of an eight hour work day, but the lifting requirements would be limited to 5 pounds frequently and 10 pounds occasionally, and then there would be additional manipulative limitations with regards to the left hand, and it is with a person who is a left-hand dominated person, so if it were limited to just occasional reaching, handling and fingering with the left hand, in addition to the other restrictions. With those limitations would such an individual be able to return to the past relevant work?

(Tr. 641.)

6

The ALJ continued: "If such a person were also limited to simple instructions and simple decisions along with the physical limitations that I gave you, would there be other work such an individual could do?" (*Id.*)

A hypothetical question posed to a vocational expert must (1) incorporate reasonably all disabilities of the claimant recognized by the ALJ, and (2) the claimant or her representative must be afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical question. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). A hypothetical question that fails to meet these requirements is in error. *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001). When an ALJ poses an incomplete hypothetical question to a vocational expert, the ALJ cannot rely on the expert's opinion to find that the claimant is not disabled. *See Boyd*, 239 F.3d at 707.

The ALJ's hypothetical question to the vocational expert did not include Plaintiff's limitations in social functioning. However, the claimant was afforded the opportunity to correct deficiencies in the ALJ's question. In questioning the vocational expert, Garza's attorney premised his question by saying: "Let me add moderate difficulty in maintaining social functioning . . . defining moderate as not in and of itself precluding successful or acceptable performance but more than a mild limitation . . . ." (Tr. 644.) The vocational expert then responded with questions focusing on the physical limitations in the hypothetical.[3] (Tr. at 644–645) After the

---

[3]Garza's lawyer had the following exchange with the vocational expert who asked questions of the lawyer:

    A    It's only occasional with the good hand?
    Q    Yes, sir, the non-dominant.
    A    Okay. And then less than occasional with the left. Is that correct?
    Q    Yes, . . . Dr. Babcock.

colloquy between the doctor and the attorney, the attorney asked, "Do you think it would preclude competitive work?" (Tr. at 645) The vocational expert responded: "Yes, I do. Yes." (*Id.*)

Although it is not clear whether the vocational expert responded to the attorney's preliminary hypothetical question or whether he responded to a modified hypothetical question, he provides an answer that conflicts with the answer relied upon by the ALJ. The ALJ relies on the vocational expert's answer to the incomplete question in finding that Garza could perform the requirements of three occupations. (Tr. 24.) The ALJ does not explain how he comes to rely on this assessment from the vocational expert in light of the vocational expert's answer to the question posed by Garza's attorney during the hearing. (*See id.*) The ALJ's resulting determination that Garza is not disabled is not therefore substantially justified. The fact that Garza's counsel was afforded an opportunity to ask follow-up questions did not salvage the hypothetical as a proper basis to determine non-disability.[4] *See Boyd*, 239 F.3d at 707. This Court is of the opinion that the ALJ's determination that

---

> A  Only occasional with the right. I think that would be—I think that would be problematic. You're talking about the person could only use their good hand or good hand a third of the work day, so I think that would be real problematic.

(Tr. at 644–645)

[4]In explaining the holding of *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994), the Fifth Circuit stated:
> [T]he holding in *Bowling* stated only that an ALJ may not rely on a hypothetical without giving the claimant an opportunity to correct deficiencies in the question. It did not state that a party's failure to point out the problems in a defective hypothetical automatically salvages that hypothetical as a proper basis for a determination of non-disability.

*Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001). Here, Garza's attorney's question does not salvage the deficient hypothetical as a proper basis for a determination of non-disability. (Tr. 644.) The ALJ relies upon the vocational expert's answer to the hypothetical question that fails to include Garza's moderate limitation in social functioning.

Plaintiff is not entitled to disability benefits should be remanded due to the ALJ's reliance on the answer to a defective hypothetical question.

**Conclusion**

The ALJ's decision to deny benefits is not supported by substantial evidence. The Court therefore DECLINES TO ACCEPT the Magistrate Judge's Memorandum & Recommendation and REMANDS this case to the Commissioner for further consideration consistent with this opinion.

It is so ORDERED.

SIGNED this 11th day of March, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE