IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RITA GARZA, § | |
| § | |
|    *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-08-CV-789-XR |
| § | |
| MICHAEL J. ASTRUE, Commissioner, § | |
| Social Security Administration, § | |
| § | |
|    *Defendant*. § | |

**ORDER ON MOTION FOR ATTORNEY FEES**

On this day, the Court considered Plaintiff Rita Garza's Motion for Attorney Fees Under the Equal Access to Justice Act (Docket Entry No. 33).  Defendant does not oppose a fee award in this case but argues that the total number of hours claimed is excessive.  Having considered the motion and response, the Motion for Attorney Fees Under the Equal Access to Justice Act is GRANTED IN PART AND DENIED IN PART.

**Background**

Plaintiff Rita Garza sought review of the administrative denial of her application for Disability Insurance Benefits (DIB).  Garza suffers from bilateral carpal tunnel syndrome and depression and anxiety from a pain disorder.  She has undergone multiple surgeries on her hands.

**Procedural History**

On March 11, 2010, this Court declined to accept the Magistrate Judge's Memorandum and Recommendation to affirm the Administrative Law Judge's ("ALJ") denial of disability insurance benefits.[1]  The Court remanded the case to the Commissioner for further consideration consistent

---

[1] Order on Mem. & Recommendation, Mar. 11, 2010 (Docket Entry No. 30).

with its opinion. The Court granted Plaintiff's unopposed motion to extend the deadline to move for attorney fees.[2] On May 21, 2010, Plaintiff moved for attorney fees[3] and Defendant has responded.[4]

**Legal Standard**

Under the Equal Access to Justice Act ("EAJA"), a prevailing party may be eligible for attorney fees in a lawsuit against the United States. The Act provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A party is entitled to fees if "(1) the claimant is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award unjust." *Sims v. Apfel*, 238 F.3d 597, 599–601 (5th Cir. 2001) (citing *Commissioner v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)).

Defendant does not dispute that Plaintiff is entitled to fees, but questions whether the amount of time billed by Plaintiff's counsel is excessive. The statute requires that attorney fees be "reasonable." 28 U.S.C. § 2412(b); *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933,

---

[2] Order on Mot. to Extend Deadline, Mar. 23, 2010 (Docket Entry No. 32).

[3] Mot. for Attorney Fees Under the Equal Access to Justice Act & Supporting Brief, Mar. 21, 2010 (Docket Entry No. 33).

[4] Resp. to Mot. for Attorney Fees Under the Equal Access to Justice Act, June 1, 2010 (Docket Entry No. 35).

76 L.Ed.2d 40 (1983). The claiming party bears "the burden of proving the reasonableness of the number of hours expended on his prevailing claim." *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (citing *Leroy v. City of Houston*, 831 F.2d 576, 586 (1987)). "Part of the applicant's ability to meet his burden includes maintaining billing time records in a manner that would enable the reviewing court to identify each distinct claim." *Id.* at 600. The opposing party need not prove the unreasonableness of the claiming party's fee request. *Leroy*, 831 F.2d at 586.

The factors set out in *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974), are relevant to calculating an attorney fees award under the EAJA. *Armstrong v. Astrue*, 305 Fed. Appx. 244, 245 n.1 (5th Cir. 2008).

**Analysis**

Garza requests $9,017.00 in attorney fees, which is the result of 53.50 hours of work times a rate of $168.46 for work completed in 2009 and a rate of $169.68 for work completed in 2010.[5] While Defendant does not oppose a fee award in this case, he claims that the hours expended by Plaintiff's counsel are excessive.[6] Defendant argues that "given the length of the administrative transcript (646 pages), and that Garza's counsel exceeded the ten page limit for her brief, Garza's counsel may have been justified in spending 40 hours reviewing and drafting her brief."[7] Defendant

---

[5]Mot. at 3–4. Garza calculated these rates by adjusting the $125.00 fee per hour authorized by the EAJA in 1996 for cost of living increases for the Dallas-Forth Worth metropolitan area, the locale where counsel's office is located. Defendant has not objected to the rate proposed by Plaintiff, and the Court finds Plaintiff's calculations acceptable.

[6]Resp. at 1.

[7]*Id.* at 2.

requests that the Court reduce the number of hours claimed by 13.5 hours.[8]

A number of district courts across the country have determined that "[t]he typical EAJA application in social security cases claims between thirty and forty hours."[9] Awards for even forty-seven hours of work are not out of line.[10] Work that could have been conducted by clerical or support staff is not compensable.[11]

As an initial matter, the magistrate judge granted a motion by Plaintiff to exceed the page limitation for her brief and reply brief. Defendant was likewise granted leave to exceed the page limitation for his response brief, although the Court recognizes that this was in light of Plaintiff's lengthy brief. Garza's counsel has provided a detailed log of her activities related to this case. Defendant argues that the amount requested by Plaintiff is excessive in light of the level of complexity involved in this case.

The Court has reviewed counsel's log. According to the log, counsel spent 23 hours preparing Plaintiff's brief, 7.8 hours on Plaintiff's reply brief, and 9.8 hours on the objection to the

---

[8] *Id.*

[9] *Hardy v. Callahan*, No. 9:96-CV-257, 1997 WL 470355, at *9 & n.10 (E.D. Tex. Aug. 11, 1997) (awarding forty hours, not counting briefing on EAJA request, of compensation for substantive work completed on social security appeal and surveying cases); *see also Harcrow v. Astrue*, No. 06-10919, 2008 WL 2906632, at *1–2 (E.D. La. Jul. 24, 2008) (noting the typical length of time for a case and reducing an award); *Martay v. Astrue*, No. Civ. H-05-154, 2008 WL 2810981, *1 (S.D.Tex. Jul. 21, 2008) (considering a request for thirty-five hours of work reasonable on its face).

[10] *See Johnson v. Astrue*, No. C-07-2387 EMC, 2008 WL 3984599, at *1 (C.D. Cal. Aug. 27, 2008) (stating that forty-seven hours, in which six were related to the motion for an award of costs, were not out of line); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1215 n.2 (C.D. Cal. 2000) (surveying cases).

[11] *Harcrow*, 2008 WL 2906632, at *1 (citing *Hardy*, 1997 WL 470355, at *7).

magistrate judge's report and recommendation. Counsel provided a detailed brief in which she argued that the ALJ's finding at step five of the evaluation process was not supported by substantial evidence and that the ALJ's implicit finding at step 2 that Plaintiff's condition was not a severe impairment was likewise not supported by substantial evidence. Counsel spent 40.6 hours performing substantive work on the briefing alone. The Court notes that 1.1 hour was dedicated to the clerical task of filing motions. Counsel is therefore only entitled to request compensation for 52.4 hours of work.

The Court has reviewed the briefs and objection filed in this case. The Court appreciates the level of detail provided by counsel and her zealous advocacy of her client. Counsel is to be commended for her attention to detail in reviewing the record and briefing this Court with the specific citations in case law and in the record to support her arguments. The level of complexity of the case, however, does not warrant the amount requested. While the administrative record is lengthy, the case did not present novel issues for the Court. In light of the time and labor required, the novelty and difficulty of the questions, the results obtained, and awards in similar cases, the Court will therefore, award counsel compensation for 45 hours of work performed.

## Conclusion

Plaintiff's motion for attorney fees under the Equal Access to Justice Act is GRANTED IN PART AND DENIED IN PART. It is therefore ORDERED that counsel is to recover 3.4 hours at an hourly rate of $169.68 for 2010, and 41.6 hours at an hourly rate of $168.46 for 2009 for a grand total of $7,584.85.

It is so ORDERED.

SIGNED this 4th day of June, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE